UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 5:26-cv-00741-RGK-PD | Date | February 19, 2026 |
|---|---|---|---|
| Title | *Margarita Amador Hernandez v. Ernesto Santacruz Jr. et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Petitioner's *Ex Parte* Application for Temporary Restraining Order [4]

## I.  INTRODUCTION

On February 18, 2026, Margarita Amador Hernandez ("Petitioner") filed a Writ of Habeas Corpus and the present Application for Temporary Restraining Order ("Application") against Ernesto Santacruz Jr., Todd M. Lyons, Kristi Noem, Pamela Bondi, and Fereti Semaia (collectively "Respondents"). (ECF Nos. 1, 4.) Petitioner, a noncitizen who has been charged as inadmissible for being present in the United States without having been inspected or admitted, is in U.S. Immigration and Customs Enforcement ("ICE") custody.

Petitioner seeks the Court's order that Petitioner be released from custody unless she is afforded a hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a). For the following reasons, the Court **DENIES** the application.

## II.  JUDICIAL STANDARD

To justify *ex parte* relief, the movant must show: (1) "why the . . . ultimate relief requested cannot be calendared in the usual manner[;]" and (2) that he is "without fault in creating the crisis that requires *ex parte* relief." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

## III.  DISCUSSION

Petitioner seeks the Court's order requiring that Petitioner be provided with an individualized bond hearing before an immigration judge. However, Petitioner fails to meet the standard needed to justify *ex parte* relief.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:26-cv-00741-RGK-PD | Date | February 19, 2026 |
|---|---|---|---|
| Title | *Margarita Amador Hernandez v. Ernesto Santacruz Jr. et al.* | | |

Petitioner must show "why the accompanying proposed motion for the ultimate relief requested cannot be calendared in the usual manner. [T]he evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. at 492.

Petitioner fails to establish why her *Ex Parte* Application cannot be calendared in the usual manner. It is not clear to the Court why Petitioner, who has been in custody for about three months, requires immediate action through the *ex parte* process to be granted a bond hearing. Petitioner alleges no facts that specify why the Court *must* grant her relief by way of the current Application or risk irreparable prejudice should the merits of the Application be heard according to the regular noticed motion procedures. Accordingly, Petitioner fails to meet the first element of the *Mission Power* test, and *ex parte* relief is not justified.

**IV.   CONCLUSION**

For the foregoing reasons, Petitioner's Application is **DENIED**.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | JRE/sh |